IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN MOLINA                       :

    v.                             :   Civil Action No. DKC 14-0513

JP MORGAN CHASE BANK, N.A.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this foreclosure case is the unopposed motion to dismiss filed by Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"). (ECF No. 14). Plaintiff purports to be the owner of real property located at 11812 Dewey Road, Silver Spring, Maryland 20906. It appears that all of Plaintiff's claims stem from a loan obtained from First National Bank of Arizona on April 27, 2007 in the amount of $468,000. The loan was evidenced by a promissory note and secured by a Deed of Trust. (ECF Nos. 14-3 and 14-4). In April 2012, the note was assigned to Defendant. (ECF No. 14-5).

Although factually sparse, Plaintiff's complaint alleges that there is uncertainty about the note's holder and the amount due on the loan. On December 30, 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court of Montgomery County. Defendant represents that it received a copy of the complaint and summons on January 24, 2014 (ECF No. 1 ¶ 2), and

removed the case to this court on February 21, 2014, citing diversity jurisdiction.[1]  Plaintiff brings claims for negligence, fraud and deceit, accounting, breach of contract, unjust enrichment, quiet title, and declaratory relief.

On February 28, 2014, Defendant filed a motion to dismiss for failure to state a claim.  (ECF No. 14).  Plaintiff was provided with a *Roseboro* notice, which advised him of the pendency of the motion and his entitlement to respond within seventeen (17) days from the date of the letter.  (ECF No. 15); *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).  To date, Plaintiff has not filed any opposition to the motion to dismiss, and the time for him to do so has long expired.  Indeed, he has not filed anything at all since the case was removed from state court.

Because Plaintiff failed to file any opposition to the motion, the court has the discretion to dismiss the case without reaching the merits.  Indeed, Judge Hollander recently dismissed the complaint in *White v. Wal Mart Stores, Inc.*, No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where *pro se* plaintiff failed to oppose defendant's motion to dismiss.  Judge

---

[1] Plaintiff is a citizen of Maryland while Defendant is a citizen of Ohio.  The amount in controversy exceeds $75,000.

Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion. *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Although the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," this is not the case here. *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit *sua sponte* for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."). There is no obvious lack of merit in Defendant's motion given the dearth of factual allegations in Plaintiff's complaint. None of the meager facts give rise to a claim to quiet title or

any other cognizable cause of action.  Accordingly, Defendant's motion to dismiss will be granted.  A separate order will follow.

                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge